IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DIANA I AM, | ) | CIVIL NO. 09-00060 SOM-KSC |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED |
| vs. | ) | WITHOUT PREPAYMENT OF FEES; |
| | ) | ORDER DENYING PLAINTIFF'S |
| NATIONAL CITY MORTGAGE | ) | MOTION FOR EX PARTE TEMPORARY |
| COMPANY; NATIONAL CITY BANK, | ) | RESTRAINING ORDER |
| FIDELITY NATIONAL TITLE AND | ) | |
| ESCROW OF HAWAII; PAUL GREEN; | ) | |
| ALOHA COMMUNITY LENDING, | ) | |
| JOSIE HARMON; NAKA GACETTA; | ) | |
| GACETTA APPRAISALS, LLC.; | ) | |
| PETER LASICH; PACIFIC RIM | ) | |
| APPRAISAL SERVICES; and JOHN | ) | |
| DOES 1-50, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT
PREPAYMENT OF FEES; ORDER DENYING PLAINTIFF'S MOTION
FOR EX PARTE TEMPORARY RESTRAINING ORDER

I.        INTRODUCTION.

On February 12, 2009, Plaintiff Diana I Am filed a Complaint alleging multiple violations of the Truth In Lending Act, 15 U.S.C. § 1601, in addition to violations of the Real Estate and Settlement Procedures Act, 12 U.S.C. § 2601, the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, and the Fair Credit Reporting Act, 15 U.S.C. § 1781, and asserting claims for fraudulent misrepresentation and unjust enrichment.  Plaintiff is seeking rescission of her mortgage and requesting a temporary restraining order to enjoin Defendant National City Bank Mortgage Company from foreclosing on and selling her home on March 20,

2009.  Concurrent with the filing of the Complaint, Plaintiff filed an Application to Proceed Without Prepayment of Fees ("IFP Application").

II.      IFP APPLICATION IS GRANTED.

Tor the court to grant an IFP Application, Plaintiff must establish that she is a pauper.  To do so, Plaintiff must submit a sworn statement that describes the assets she possesses and a declaration that she is unable to pay the costs of or give security for this proceeding.  28 U.S.C. § 1915(a)(1).

The information provided by Plaintiff establishes that she is entitled to proceed in forma pauperis.  In her affidavit, Plaintiff states that she has $60 in her savings and checking accounts and that she was last employed in 2007, when she earned $10,200.  Plaintiff further states that, in the last year, she earned $600 from her business, accepted $1,800 in gifts from her sister, and received $13,500 as part of a settlement award.  The documentation provided by Plaintiff demonstrates that she falls within the poverty guidelines for Hawaii, published by the Department of Health and Human Services.  Accordingly, the court GRANTS Plaintiff's IFP Application.

The Court notes that the granting of the IFP still leaves Plaintiff with the responsibility to provide the United States Marshals Service with directions for serving Defendants, and she herself remains responsible for serving any post-

Complaint documents by hand-delivery, mail, or, if consented to by Defendants, electronic means.

III.     TEMPORARY RESTRAINING ORDER IS DENIED.

    A.    Legal Standard.

The standard for granting a temporary restraining order is identical to that for a preliminary injunction. Hawai`i County Green Party v. Clinton, 980 F. Supp. 1160, 1164 (D. Haw. 1997). To obtain a preliminary injunction, a party must demonstrate either: 1) probable success on the merits and irreparable injury; or 2) sufficiently serious questions going to the merits to make the case a fair ground for litigation, with the balance of hardships tipping decidedly in favor of the party requesting relief. Topanga Press, Inc. v. City of Los Angeles, 989 F.2d 1524, 1528 (9th Cir. 1993). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. Miller v. Cal. Pac. Med. Ctr., 19 F.3d 449, 456 (9th Cir. 1994). These formulations are not separate tests, but the extremes of a single continuum. Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1201 (9th Cir. 1980). "If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly." Alaska ex rel Yukon Flats Sch. Dist. v. Native

<u>Village of Venetie</u>, 856 F.2d 1384, 1389 (9th Cir. 1988).  At a minimum, however, a plaintiff must demonstrate a fair chance of success on the merits or questions serious enough to require litigation.  <u>Arcamuzi v. Continental Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).

      B.   <u>Plaintiff Has Not Met the Requirements for a TRO</u>

In her Complaint, Plaintiff alleges numerous violations of the Truth in Lending Act, in addition to violations of the Real Estate and Settlement Procedures Act, 12 U.S.C. § 2601, the Home Ownership Equity Protection Act, 15 U.S.C. § 1639, and the Fair Credit Reporting Act, 15 U.S.C. § 1781, and also asserts claims for fraudulent misrepresentation and unjust enrichment. However, she does not include any documents to demonstrate likely success on the merits of these claims.  Her allegations of incorrect statements on Defendants' Truth in Lending disclosure with regard to the true finance charge, APR, amount financed, total payments, and interest rate are unaccompanied by the disclosure statement itself.  She also alleges exorbitant fees charged for her appraisal and her homeowner's insurance necessitated by the loan closing, but provides no documentation of these fees.  While Plaintiff has verified her moving papers, she does not describe the background facts that give rise to her

Complaint, provide details of the allegedly fraudulent provisions of her mortgage, or provide dates of any of the relevant events.[1]

Plaintiff alleges that a nonjudicial foreclosure sale of her property is scheduled for March 20, 2009, but she provides no documentation of the foreclosure or the impending sale. Further, Plaintiff does not show either that she is entitled to rescission or that she could meet her own rescission obligations. While Plaintiff has attached, as her sole exhibit, a letter she sent to Defendant National City Mortgage, exercising her right to rescind, it is not at all clear from this exhibit that she can follow through with the rescission process.

Plaintiff seeks rescission of her mortgage pursuant to 15 USCS § 1635(b), which provides:

> When an obligor exercises his right to rescind under subsection (a), he is not liable for any finance or other charge, and any security interest given by the obligor, including any such interest arising by operation of law, becomes void upon such a rescission. Within 20 days after receipt of a notice of rescission, the creditor shall return to the obligor any money or property given as earnest money, downpayment, or otherwise, and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction. If the creditor has delivered any property to the obligor, the obligor may retain possession of it. Upon the performance of the creditor's obligations under

---

[1]Although Plaintiff says she is seeking an ex parte temporary restraining order, which would prevent Defendants from providing any of the missing documents, Plaintiff says she did actually serve her motion on the mortgage company. Thus, despite the name of the motion, Plaintiff does not appear to be proceeding ex parte, and an ex parte submission does not, in any event, appear justified.

>this section, the obligor shall tender the property to the creditor, except that if return of the property in kind would be impracticable or inequitable, the obligor shall tender its reasonable value.

Plaintiff may understand that, if rescission is ordered, she will be reimbursed any finance charges or down payment she paid. She does not acknowledge, however, that she will be required to tender in return the value of the loan she received. Given Plaintiff's status as a pauper, it is likely that, to tender the amount she borrowed, she will have to relinquish her property, which she has initiated this action to protect, or borrow further against it through a refinancing with a lender.

## IV. CONCLUSION.

As this court finds that Plaintiff has not so far demonstrated a likelihood of success on the merits, the motion for ex parte temporary restraining order is DENIED without prejudice. If Plaintiff continues to seek relief, she may file another motion that provides evidence of a likelihood of success. She may submit a new motion to the Clerk of Court by mail and serve it on Defendants, and the court will address it properly.

The Clerk of Court is directed to send Plaintiff any necessary material to enable the United States Marshals Service to effect service of process.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, February 13, 2009.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

I Am v. National City Mortgage, et al.; Civil No. 09-00060 SOM-KSC; ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND ORDER DENYING PLAINTIFF'S MOTION FOR EX PARTE TEMPORARY RESTRAINING ORDER.